UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  1:18-cv-21535-KMW

GURPREET GILL MAAG,

    Plaintiff,

vs.

SILVERSEA CRUISES LTD.,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
DAUBERT MOTION TO STRIKE OPINIONS
AND TESTIMONY OF PLAINTIFF'S EXPERTS**

The Plaintiff, by and through undersigned counsel, hereby responds to Defendants' Daubert Motion to Strike Opinions and Testimony of Plaintiff's Experts, as follows:

**I. INTRODUCTION**

On or about July 7, 2017, Plaintiff, GURPRETT GILL MAAG, was a passenger on the aforementioned the Defendant's Silver Cloud ship.  Ms. Maag made special dietary arrangements with the Silver Cloud. However, despite the arrangements, was seriously injured as result of being served food (Guacamole Tumbler) on the ship that contained shellfish that the ship knew Ms. Maag could not safely eat. When this food was ordered, it was made clear that it should be vegetarian and that Ms. Maag was severely allergic to shellfish. This was noted by the waiter and confirmed verbally. When this food was served it was reconfirmed with the waiter that it was a vegetarian Guacamole and the waiter replied in the affirmative. This food caused Ms. Maag to have a severe physical attack. Ms.  Maag suffered a life threatening allergic

reaction. She then required medical treatment and received some treatment from the ship's doctor.

On July 9, 2017 when Ms. Maag and her husband Daniel Maag attempted to obtain the medical information and obtain further treatment for the injuries, ship physician Dr. Wood slammed shut a door on Ms. Gill Maag right next to her face which created a very loud sound causing further injuries, including but not limited to damage to Ms. Gill Maag's hearing and headaches. She has also had fertility difficulty related to these incidents.

## II. LEGAL STANDARD

It is within the trial court's discretion to admit expert testimony and the court enjoys "considerable leeway" when determining the admissibility of this testimony. *Cook v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1103 (11th Cir. 2005). In *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993), the Supreme Court set forth that the admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence and it provides that a witness is qualified to testify in the form of an opinion if: (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

Any weakness in an expert witnesses opinion factual basis bears on the weight of the evidence rather than on its admissibility. *Scaccetti v. NCL (Bahamas) Ltd.*, Slip Copy (2018) and *Ostroski v. United States*, 2007 WL 9701868, at *2 (S. D Fla. Aug 23, 2007).

The court's duty is not "to make ultimate conclusions as to the persuasiveness of the

proffered evidence." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003).

The Court's admissibility of the expert testimony is determined as follows.

(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *City of Tuscaloosa v. Harcos Chemicals, Inc.,* 158 F.3d 548, 562 (11th Cir. 1998); *United States* v. *Frazier*, 387 F.3d 1244, 1260 (11th Cir 2004). *Quiet Tech. DC-8, Inc.*, 326 F.3d at 1341.

This list of factors does not exhaust the different considerations that bear on the ultimate reliability of a proffered expert's opinion. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999). A federal court should consider any additional factors that may advance a Rule 702 analysis." Id.

Whether the Daubert opinion factors "are even pertinent to assessing reliability in a given case will [depend] on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *United States v. Brown*, 415 F.3d 1257, 1267–68 (11th Cir. 2005)

Expert testimony is admissible on matters that are beyond the understanding of the average lay person. *Frazier*, 387 F.3d at 1262–63.

## **ARGUMENT**

The initial expert disclosure was served after Plaintiff requested that Defendant agree to a 10 day extension for Plaintiff to disclose her experts due to counsel for Plaintiff's family emergency[1]. This extension was agreed to by Defendant via email from counsel for Defendant on October 18, 2018.

None of the expert witnesses disclosed by Plaintiff are retained to provide expert testimony in this case. They are treating physicians. Accordingly, the expert disclosures need not meet the requirements of a retained expert witness disclosure as set forth in Federal Rule of Civil Procedure 26(a)(2)(B).

## PLAINTIFF'S TREATING PHYSICIAN EXPERTS[2]

### A. Dr. Nair

Dr. Nair is a treating physician not a retained expert. Dr. Nair's report clearly discloses the facts and opinions to which he is expected to testify. Dr. Nair has provided detailed medical reports including a medical history and opinions in the medical report of August 24, 2017 and opinions in the report of May 15, 2018.

### B. Dr. Ping

Dr. Ping is a treating physician not a retained expert. Dr. Ping's report clearly discloses the facts and opinions to which he is expected to testify.

Dr. Ping's report contains a medical history, past history, neurological examination and Opinions.

### C. Dr. Chua

Dr. Chua is a treating physician not a retained expert. Dr. China's report clearly discloses the facts and opinions to which he is expected to testify.

---

[1] Counsel for Plaintiff's father passed away on September 29, 2018.
[2] The qualifications of the treating physician experts were provided in the expert disclosures of all but Dr. Babu.

Dr. Chua's reports contains a history, physical examination and diagnosis

### D. Dr. Shuen

Dr. Shuen is a treating physician not a retained expert. Dr. Shuen's report clearly discloses the facts and opinions to which she is expected to testify.

Dr. Shuen's report contains a medical history, testing information and opinions as well as a plan.

### E. Dr. Babu

Dr. Babu is a treating physician not a retained expert.[3].

Dr. Babu's report contains a history, test results and opinion as well as a recommendation.

These treating physicians did in fact disclose in their written reports the subject matter that they are expected to present evidence upon as well as a summary of the facts and opinions to which they are expected to testify. *Federal Rule of Civil Procedure* 26(a) (2) (C) (i).

Federal Rules of Civil Procedure 37 does not apply here to strike any of Plaintiff's experts as the disclosures are proper.

The expert witnesses have been available for deposition but Defendant has never sought to depose any of them to discover any further information. There is no prejudice to Defendant.

The Defendant does not cite any eleventh circuit case requiring compliance with Rule 26(a) of the Federal Rules of Civil Procedure for a treating physician testifying on causation.

As Defendant acknowledges, a treating physician can render opinions regarding the course of treatment and a reasonable reading of the medical records.

Contrary to Defendants position, the medical records provided here are not voluminous, not hard to follow and provide the information in a very easy to read context.

---

[3] Dr. Babu was disclosed as an expert shortly after his examination of Plaintiff which occurred on February 11, 2019.

The Defendant can utilize "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." See *Daubert*, 509 U.S. at 596.

## **TREATING PHYSICIAN TESTIMONY**

Treating physicians may testify regardless of whether or not they are considered experts.

A treating physician is not an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party. *U.S. v. Henderson,* 409 F.3d 1293, 1300 (11th Cir2005).

A physician may offer lay *opinion* testimony, consistent with Rule 701, when the opinion is "based on his experience as a physician and [is] clearly helpful to an understanding of his decision making process in the situation." *Henderson,* 409 F.3d at 1300; and *Weese v. Schukman,* 98 F.3d 542 (10th Cir.1996).

All disclosed treating physician experts are without question entitled to testify regarding their treatment and related facts and opinions.

## **CONCLUSION**

The expert disclosures reflect that the experts are qualified in the specialties of their opinions, their opinions are reliable and include examinations as a basis and would assist the trier of fact. Accordingly, the Court should not strike Plaintiff's expert witness disclosures and supplemental expert witness disclosures nor exclude any of the opinions set forth in the medical reports provided. Alternatively, a pretrial ruling limiting expert testimony should be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context. Notwithstanding the expert issue, all of the treating physicians should be permitted to testify regarding their care and treatment and a reasonable reading of their medical records.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of March, 2019, I electronically filed a copy of the foregoing documents with the Clerk of the court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record identified either via transmission or Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                                    SILVERSTEIN, SILVERSTEIN
                                      & SILVERSTEIN, P.A.
504 Aventura Corpoe Center
20801 Biscayne Boulevard
Aventura, Florida 33180
MIAMI-DADE     (305) 935-2500
BROWARD        (954) 463-1333
FACSIMILE      (305) 935-3214
gsilverstein@ssspa-law.com
dsilverstein@ssspa-law.com
gpatterson@ssspa-law.com

                                /s/ Signed electronically
BY:_____
                              GREGG A. SILVERSTEIN
                              Florida Bar No. 821853