# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 18-21535-Civ-WILLIAMS/TORRES

GURPREET GIL MAAG,

        Plaintiff,

v.

SILVERSEA CRUISES, LTD.,

        Defendant.

_____/

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S MOTION TO TAX COSTS

This matter is before the Court on Silversea Cruises LTD.'s ("Defendant") motion to tax costs against Gurpreet Gil Maag ("Plaintiff" or "Ms. Maag"). [D.E. 83]. Plaintiff responded to Defendant's motion on June 28, 2019 [D.E. 86] to which Defendant replied on July 3, 2019. [D.E. 87]. Therefore, Defendant's motion is now ripe for disposition. After careful review of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendant's motion should be **GRANTED in part** and **DENIED in part**.

## I.  BACKGROUND

This is a maritime personal injury action in which Plaintiff alleges that, on July 7, 2017, she boarded the *Silver Cloud* ship in Oslo, Norway. At the ship's pool deck restaurant, Plaintiff ordered an appetizer of guacamole. Plaintiff alleges that she told the waiter that she was vegetarian and severely allergic to shellfish.

1

However, unbeknownst to Plaintiff, there was shellfish in the guacamole and she fell ill. An employee then escorted Plaintiff to the ship's infirmary and the ship's personnel gave Plaintiff medication. The next day, on July 8, 2017, Plaintiff disembarked the ship and participated in a shore excursion.

After returning from the shore excursion, Plaintiff visited the ship's infirmary again where a door was shut in her proximity – causing hearing loss, headaches, and fertility complications. Therefore, Plaintiff filed a one-count complaint, alleging that Defendant was negligent in "(a) [f]ail[ing] to properly prepare and serve their food in such a way as to be safe and not to cause illness to persons eating said food; and/or (b) [f]ail[ing] to warn of the dangers presented by eating said unsafe food; and/or (c) [f]ail[ing] to properly supervise and train its agents, servants and/or employees in preparing food; and/or (d) [n]egligently and careless slamm[ing] a door shut in close proximity to Plaintiff's head; and/or (e) [a]cts and/or omissions not yet discovered." [D.E. 1 at ¶9 (a-e)].

On May 10, 2019, the Court entered a Report and Recommendation (the "R&R") that summary judgment be entered in favor of Defendant because Plaintiff failed to submit any sworn evidence in the record of a medical expert. The Court also determined that, even if Plaintiff's unsworn experts were considered, Plaintiff could not establish the element of causation because none of Plaintiff's experts opined that Defendant's negligence caused Plaintiff's medical injures. The Court adopted the R&R on May 10, 2019 [D.E. 79] and entered final judgment on May 17,

2019. [D.E. 80]. Accordingly, Defendant seeks costs under 28 U.S.C. § 1920 as the prevailing party.

## II.  APPLICABLE PRINCIPLES AND LAW

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs. *Id.* A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). The court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *Id.*[1]

Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable.

---

[1]     The following costs are permitted under 28 U.S.C. § 1920:
  (1)   Fees of the clerk and marshal;
  (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
  (3)   Fees and disbursements for printing and witnesses;
  (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
  (5)   Docket fees under section 1923 of this title;
  (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

3

*See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").

### III.   ANALYSIS

Defendant seeks $5,087.96 in deposition costs and $195.40 in copying costs. Plaintiff does not challenge Defendant's entitlement to costs as Defendant is the prevailing party in this case when the Court entered final judgment in Defendant's favor on May 17, 2019.  [D.E. 80].  It is equally clear that the Court has subject matter jurisdiction over this case based on the underlying record and that Defendant conferred under the Local Rules prior to filing its motion.  As such, we need only consider whether Defendant's costs are recoverable under 28 U.S.C. § 1920.

### A.    *Deposition Transcript Costs*

First, Defendant seeks $5,087.96 in costs for the deposition of Ms. Maag, Begonia de Usabel, Dr. Jeffrey Wood, Frank Sansone ("Mr. Sansone"), and Hugo Vanosmael.  Defendant claims that these costs were incurred to resolve factual issues raised in Plaintiff's complaint and were necessarily obtained for use at trial. Plaintiff contends, on the other hand, that some of the costs fall outside the scope of U.S.C. § 1920 and that Defendant should not recover any amounts related to delivery, handling, bundling, indexing, or the acquiring of a signature.  Plaintiff

also argues that the cost of Mr. Sansone's deposition should be disallowed entirely because it was not a transcript necessarily obtained for use in this case nor was it used in support of Defendant's motion for summary judgment. Therefore, Plaintiff concludes that Defendant is not entitled to any costs for Mr. Sansone's deposition nor any other extraneous deposition charges.

We begin with whether Defendant should recover costs related to the delivery, handling, bundling, indexing, and the acquiring of a signature. We agree with Plaintiff – and most courts in our district – that these miscellaneous costs are not taxable because they are for the convenience of counsel and not necessarily obtained for use in a case. *See Oreilly v. Art of Freedom Inc.*, 2018 WL 6616445, at *7 (S.D. Fla. Dec. 14, 2018), *Report and Recommendation adopted*, 2019 WL 1115879 (S.D. Fla. Jan. 8, 2019) ("Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case.") (citing *Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) (finding that "§ 1920 does not authorize recovery of costs for shipment of depositions"); *Garden-Aire Vill. S. Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013)). "While Plaintiff may recover the costs for transcripts and court reporter attendance fees," any other miscellaneous charges do not fall within the scope of U.S.C. § 1920. *Id*. We therefore recommend that Defendant recover the following in deposition costs: (1) $1,182.30 for Ms. Maag, (2) $863.55 for

Begonia de Usabel, (3) $1,509.60 for Dr. Wood, (4) $735.30 for Hugo Vanosmael, and (5) $418.95 for Mr. Sansone. To this extent, Defendant's motion should be **GRANTED in part** and **DENIED in part**.

Plaintiff's next objection relates to whether Defendant should recover any costs for the deposition of Mr. Sansone. Plaintiff claims that this cost should not be recoverable because Mr. Sansone's deposition was not used in support of Defendant's motion for summary judgment. But, "deposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success[.]" *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, *3 (M.D. Fla. Feb. 21, 2007). And in this case, Mr. Sansone was included on the witness lists of both parties – meaning Defendant had a basis to depose him in preparation for trial because of his expected testimony related to Plaintiff's medical injuries.[2] Therefore, Defendant's motion to recover $418.95 for the deposition of Mr. Sansone should be **GRANTED**.

## B. *Copying Costs*

The next issue is whether Defendant should be entitled to $195.40 in copying costs. Plaintiff opposes Defendant's request because the charge of $195.40 is unsubstantiated and cannot be taxed under U.S.C. § 1920. Under § 1920(4), photocopying costs "necessarily obtained for use in the case" are compensable. In making this determination, "the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at

---

[2] Mr. Sansone was the Vice President of Guest Relations onboard the cruise ship and he was expected to testify on the incidents that led to Plaintiff's injuries.

issue." *W & O, Inc.,* 213 F.3d at 623. Although a prevailing party may not recover for general photocopying, *Duckworth v. Whisenant,* 97 F.3d 1393, 1399 (11th Cir. 1996), photocopying costs "attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits and documents prepared for the Court's consideration are recoverable." *Dillon v. Axxsys Int'l, Inc.*, 2006 WL 3841809, at *7 (M.D. Fla. Dec. 19, 2006) (citation and quotation marks omitted).

The burden of establishing entitlement to photocopying expenses lies with the prevailing party. *See Fulton Fed. Savings & Loan Assoc. of Atlanta v. American Ins. Co.,* 143 F.R.D. 292, 300 (N.D. Ga. 1991) (explaining that the party seeking to recover photocopy costs must come "forward with evidence showing the nature of the documents copied and how they were used"). This does not require, however, an accounting for each photocopy because that would make it impossible economically to recover these expenses. *See Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 643 (7th Cir. 1991).

Here, Defendant includes a spreadsheet of its copying costs marked with a serial number that equates to a sum of $195.40. Defendant contends that these costs are recoverable because they were incurred in creating copies of medical records, exhibits, binders, and other documents that were necessarily obtained for use in this case. But, Defendant's "invoice for in-house copying costs does not contain any differentiation between recoverable photocopying costs and costs incurred for the convenience of counsel." *Whittier v. City of Sunrise*, 2010 WL

7

3367788, at *2 (S.D. Fla. June 14, 2010), *Report and Recommendation adopted*, 2010 WL 3367750 (S.D. Fla. Aug. 24, 2010). Defendant merely produced a spreadsheet with internal billing codes that make it impossible to determine if these costs fall under the scope of 28 U.S.C. § 1920. In other words, "[c]onspicuously missing from these billing records is any description of the nature or purpose of the photocopying." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002) (citing *Fulton Fed. Savings & Loan Assoc. of Atlanta v. American Ins. Co.*, 143 F.R.D. at 300 (explaining that the party seeking to recover photocopy costs must come forward with "evidence showing the nature of the documents copied and . . . how they were used")).

Although we are confident that some of the costs are recoverable, we have no basis in the record to identify which photocopies qualify for reimbursement and which do not. Defendant instead relies on the general principle that an accounting for each photocopy need not be provided because doing so would be impracticable. While that may be true in some respects, Defendant has "made no attempt to differentiate recoverable copying costs from nonrecoverable general photocopying expenses." *Scelta*, 203 F. Supp. 2d at 1340 (citing *Duckworth,* 97 F.3d at 1399 (finding that a prevailing party may not recover for general photocopying)). Because it is Defendant's burden as the prevailing party to establish its entitlement to copying costs and Defendant has failed, in part, to do so, Defendant's motion for $195.40 in costs should be **GRANTED in part** with a reduction of 50 percent. *See, e.g.*, *Desisto College, Inc. v. Town of Howey-in-the-Hills,* 718 F. Supp. 906, 914 (M.D.

Fla. 1989) (holding that the prevailing party must itemize photocopying costs to distinguish compensable copies from those made for the convenience of counsel).

### C. *Interest*

Defendant's final request is for interest to accrue at the legally available rate as of the date of the Court's entry of final judgment. [D.E. 80]. We agree with Defendant that "[w]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994). Defendant should therefore be entitled to interest flowing from May 17, 2019, the date of the final judgment in this case.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's motion for costs be **GRANTED in part** and **DENIED in part**.

A. Defendant's motion for $5,087.96 in deposition transcripts should be **GRANTED in part** and **DENIED in part**. Defendant should recover the following in costs for each deponent: (1) $1,182.30 for Ms. Maag, (2) $863.55 for Begonia de Usabel, (3) $1,509.60 for Dr. Wood, (4) $735.30 for Hugo Vanosmael, and (5) $418.95 for Mr. Sansone for a grand total of $4,709.70 in deposition costs.

B. Defendant's motion for $195.40 in copying costs should be **GRANTED in**

---

[3] The post-judgment interest rate is determined by "the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve system, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

**part** and **DENIED in part**.  Defendant should recover $97.70 in copying costs.

C. A cost judgment of $4,807.40 should be entered subject to interest at the legally available rate as of the date of the Court's entry of final judgment on May 17, 2019.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 10th day of July, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge